**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0147-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NADIR BAPTISTE, a/k/a ALIR
JOHNSON, and PATRICK JEAN,

    Defendant-Appellant.

_____

Submitted May 15, 2018 — Decided June 19, 2018

Before Judges Carroll and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 98-09-1232, 99-12-1672, 00-07-0498, 00-07-0746, 01-04-0433 and 01-10-1188.

Joseph E. Krakora, Public Defender, attorney for appellant (David A. Snyder, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Paul J. Wiegartner, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Nadir Baptiste appeals from an order entered by the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

Defendant's PCR petition concerned six unrelated indictments dating from 1998 through 2003, which are addressed in turn below.[1]

Indictment No. 98-09-1232.

On September 3, 1998, a Union County grand jury returned Indictment No. 98-09-1232, charging defendant with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); possession of CDS with intent to distribute within 1000 feet of a school property, N.J.S.A. 2C:35-7; and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a). On December 10, 1998, defendant pled guilty to possession of CDS with intent to distribute within 1000 feet of a school property, N.J.S.A. 2C:35-7.

On June 14, 1999, the trial court sentenced defendant to 428 days of imprisonment, and three years of probation. The sentence was to be served concurrent with the same sentence on one count of Indictment No. 98-07-0928, which is not before the court.

---

[1] Defendant's petition initially concerned seven indictments. He withdrew his challenge regarding Indictment No. 98-07-0928.

Indictment No. 99-12-1672.

On December 23, 1999, a Union County grand jury returned Indictment No. 99-12-1672, charging defendant with third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1). Defendant's arrest on this charge resulted in a charge of violation of probation arising from Indictment No. 98-09-1232.

On February 5, 2002, a jury found defendant guilty on the single count in Indictment No. 99-12-1672.

On May 31, 2002, the trial court sentenced defendant for the conviction on Indictment No. 99-12-1672, and for his violation of probation on Indictment No. 98-09-1232, of which the court found defendant guilty based on the jury verdict. The court imposed a four-year prison term on Indictment No. 98-09-1232, and a five-year prison term with an eighteen-month period of parole ineligibility on Indictment No. 99-12-1672 to be served consecutively to the four-year term on Indictment No. 98-09-1232.[2] This court affirmed defendant's conviction on Indictment No. 99-12-1672, but remanded for reconsideration of his sentence. State v. Baptiste, No. A-1060-04 (App. Div. May 23, 2006).

---

[2] The court also discharged defendant's probation under Indictment No. 98-07-0928.

Indictment No. 00-07-0746.

On July 19, 2000, a Union County grand jury returned Indictment No. 00-07-0746, charging defendant with third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1).

On July 8, 2003, the trial court granted defendant's motion to represent himself at trial on these counts, and appointed standby counsel to advise defendant on legal issues. A jury found defendant guilty of all charges.

On October 3, 2003, the trial court sentenced defendant on these convictions to a ten-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The sentence was to be served consecutive to the sentences defendant was then serving on the earlier convictions. Defendant appealed his convictions and sentence arising from Indictment No. 00-07-0746. This court affirmed defendant's convictions but remanded for reconsideration of his sentence. State v. Baptiste, No. A-2483-03 (App. Div. Mar. 9, 2006).

Indictment No. 01-04-0433.

On April 5, 2001, a Union County grand jury returned Indictment No. 01-04-0433, charging defendant with third-degree distribution of CDS, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-

4

5(b)(3); second-degree distribution of CDS within 500 feet of a public park, N.J.S.A. 2C:35-7.1; third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and second-degree possession of CDS with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1.

On February 27, 2002, defendant appeared for trial on these charges. Before the jury was sworn, however, defendant stated that he did not want designated counsel to represent him. Defendant stated that he would "rather plead guilty on my own than to have this man represent me" and asked for an adjournment to hire an attorney. Noting that defendant previously turned down a plea offer, signed a form acknowledging the trial date, and had six months to find counsel, the trial court denied the adjournment request. Defendant thereafter entered a guilty plea to all counts of Indictment No. 01-04-0433 without a sentencing recommendation from the State. Although defendant, through counsel, filed a motion to withdraw his plea, the motion was later withdrawn.

On February 21, 2003, the trial court sentenced defendant to an aggregate term of sixteen years of imprisonment with an eight-year period of parole ineligibility to be served consecutive to defendant's existing sentences. This court affirmed defendant's

convictions, and remanded for reconsideration of his sentence. State v. Baptiste, No. A-1661-03 (App. Div. Mar. 14, 2005).

Indictment No. 01-04-0498.

On April 19, 2001, a Union County grand jury returned Indictment No. 01-04-0498, charging defendant with third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and second-degree possession of CDS with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1.

Trial commenced on February 10, 2003. Before jury selection, defendant stated that he did not want to go to trial, that his lawyer had not investigated the case, and that he did not want to be in court. After being informed by the court that the trial was going to proceed and that he could either stay and participate, or go to a nearby room and watch the trial on a video monitor, defendant insisted on being returned to jail. The trial commenced in defendant's absence. On February 11, 2003, a jury found defendant guilty on all counts of Indictment No. 01-04-0498.

On February 13, 2003, the trial court sentenced defendant to a term of eight years of imprisonment with a four-year period of parole ineligibility. The sentence was to run consecutive to the sentences defendant was serving. This court affirmed defendant's

convictions and remanded for reconsideration of his sentence. Ibid.

<u>Indictment No. 01-10-1188.</u>

On October 4, 2001, a Union County grand jury returned Indictment No. 01-10-1188, charging defendant with third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1); second-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); and second-degree possession of CDS with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1.

On April 30, 2003, a jury found defendant guilty on all counts of Indictment No. 01-10-1188.

On May 8, 2003, the trial court sentenced defendant to an aggregate term of eighteen years of imprisonment with an eight-year period of parole ineligibility on Indictment No. 01-10-1188. The court ordered this sentence to run consecutive to defendant's sentences on Indictment Nos. 99-12-1672 and 98-09-1232, and concurrent to his sentences on Indictment Nos. 01-04-0433 and 01-04-0498. This court affirmed defendant's convictions and sentence. <u>State v. Baptiste</u>, No. A-0069-03 (App. Div. July 08, 2004).

On October 10, 2013, defendant filed a pro se PCR petition challenging the convictions and guilty pleas detailed above.

Designated counsel thereafter submitted a legal brief in support of the petition. Defendant raised six points: (1) that he was denied effective assistance of trial counsel in each of his four trials; (2) that he is entitled to withdraw his guilty plea with respect to Indictment No. 01-04-0433; (3) that trial errors made each of his trials unfair; (4) that he was denied effective assistance of appellate counsel on the direct appeals of his convictions; (5) that he is entitled to an evidentiary hearing on his PCR petition; and (6) that his petition is not time-barred.

On April 25, 2016, after hearing oral argument, Judge Stuart L. Peim issued a comprehensive written opinion and order denying defendant's petition. Judge Peim found defendant's PCR petition to be time-barred. The court noted that the petition was filed more than seventeen years after entry of judgment on the earliest conviction challenged, and almost ten years after entry of judgment on the latest conviction challenged. These periods are well beyond the five-year limit for filing a PCR petition established in Rule 3:22-12(a)(1). The court found defendant's claimed excusable neglect in filing a timely PCR petition to be unfounded. In addition, the court found that relaxation of the time limit in Rule 3:22-12(a)(1) would prejudice the State, given the length of time that had passed since the convictions at issue.

Judge Peim also carefully reviewed the substantive claims raised by defendant as to each conviction to determine if relaxation of the time bar was necessary to avoid a fundamental injustice. The court concluded that defendant had not been denied effective assistance of counsel with respect to the counts on which he went to trial, or on the counts on which he knowingly and voluntarily entered guilty pleas.[3] In addition, the court held that it was not error to try defendant on Indictment No. 01-04-0498 in his absence, given his knowing and voluntary decision to be removed from the courtroom prior to the start of trial. Finally, Judge Peim held that defendant was not denied effective assistance of appellate counsel on the direct appeals of his convictions. The court found that defendant had not established that appellate counsel failed to raise issues that, had they been raised, were reasonably likely to have been successful. In light of the lack of merit in defendant's claims, the court concluded that he had not established a prima facie case requiring an evidentiary hearing on his PCR petition.

This appeal followed.

---

[3] The trial court agreed with defendant's argument that the judgment of conviction on Indictment No. 99-12-1672 incorrectly stated that defendant entered a guilty plea when he was convicted by a jury. The trial court ordered that the judgment of conviction be amended to correct this error.

A-0147-16T3

II.

On appeal, defendant raises the following arguments for our consideration:

<u>POINT ONE</u>

THE DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN TIME BARRED.

<u>POINT TWO</u>

THE PCR COURT COMMITTED ERROR DENYING THE DEFENDANT AN EVIDENTIARY HEARING BECAUSE HE ESTALBISHED A PRIMA FACIA [SIC] CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL ON HIS VARIOUS MATTERS.

a. The PCR [c]ourt committed error by denying the Defendant his right to an evidentiary hearing regarding his plea in I-01-04-433.

b. The PCR court committed error by denying the Defendant an evidentiary hearing on his claim trial counsel was ineffective for withdrawing the Defendant's motion to withdraw his plea in I-01-04-0433.

c. The PCR court committed error by denying the Defendant his right to an evidentiary hearing on the issue about his trial counsels being ineffective during their representation of him at trial because he established a prima facia [sic] case of ineffective assistance of trial counsel in each separate case.

<u>POINT THREE</u>

THE PCR COURT COMMITTED ERROR BY DENYING THE DEFENDANT'S MOTION TO WITHDRAW HIS PLEA IN I-01-04-0433.

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ON APPEAL THE TRIAL COURT COMMITTED ERROR IN GRANTING THE DEFENDANT'S APPLICATION TO REPRESENT HIMSELF IN I-00-07-746. (NOT RAISED BELOW).

Having reviewed the record in light of defendant's arguments and the law, we conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons explained by Judge Peim in his comprehensive and well-reasoned opinion.[4]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We decline to address defendant's claim of ineffective assistance of appellate counsel with respect to Indictment No. 00-07-0746. Defendant's argument that appellate counsel should have challenged the trial court decision to allow defendant to represent himself at trial was not raised before the trial court and does not "go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (internal quotations omitted).

A-0147-16T3